## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

IN RE:

SUDGEILY ENID REYES NIEVES

DEBTOR

CASE NO.: 12-08832(BKT)
CHAPTER 13

FIRSTBANK PUERTO RICO

RESPONDENT

### OBJECTION TO CONFIRMATION OF PLAN DATED NOVEMBER 1, 2012, AND REQUEST FOR DISMISSAL

TO THE HONORABLE COURT:

COMES NOW, Movant, **FIRSTBANK PUERTO RICO,** through its undersigned attorney and very respectfully states and prays:

### I.     PROCEDURAL BACKGROUND

1. On August 31, 2012, Debtor filed the instant petition for relief under Chapter 13 of the Bankruptcy Code. *See, Docket 1.*

2. Movant's standing is ascertained as it filed a secured lien claim for the amount of $18,993.63, by virtue of duly registered conditional sales contract regarding a **2011 Toyota Yaris.** At the time of the petition, debtor owed 8 months of pre-petition arrears for the amount of $3,015.60. *See, Claim No. 1-2.*

3. The Chapter 13 plan dated **November 1, 2012,** which is still waiting for confirmation, proposes to pay **$92.00 x 56; $451.00 x 4 months, plus $400.00 of tax refunds;** for the total base of **$7,356.00,** through the Chapter 13 Trustee. The plan also provided to pay FirstBank's secured arrears through the Chapter 13 Trustee and for Debtor to maintain regular payments directly to FirstBank Puerto Rico. *See Docket 7.*

4. Debtor, as of **January 3, 2013,** has the following direct installments owed to FirstBank Puerto Rico:

| Pre-Petition | Amount in Arrears | Post-Petition | Amount in Arrears |
|---|---|---|---|
| 8 | $3,015.60 | 2 | $753.00 |

Objection to Confirmation and Request for Dismissal
Case No. 12-08832(BKT)
Page 2 of 6

*See, Attachment A.*

5. In view of the fact that debtor has incurred in arrears with post-petition direct payments owed to FirstBank, it is FirstBank's position that debtor has not met the feasibility test required under Section 1325(a)(6). Therefore, FirstBank objects to the confirmation of debtor's Plan Dated November 1, 2012, and pursuant 11 U.S.C. 1307(c) respectfully requests the Entry of Order dismissing the case.

## II.    APPLICABLE LAW

### (a) FEASIBILITY TEST

A Chapter 13 plan can be confirmed only if it meets the standards of Section 1325 of the Bankruptcy Code. The court is required to confirm a Chapter 13 plan only if: (1) the plan complies with the rest of Chapter 13 and the Bankruptcy Code; (2) the debtor has paid the necessary filing fee and any other fees imposed on Chapter 13 debtors; (3) the debtor's petition and the plan itself has been proposed in good faith and not by any means otherwise forbidden by law; (4) the plan is in the best interest of creditors and it pays them at least what they would have received had the debtor liquidated under Chapter 7; (5) it provides for secured creditors to receive at least the value of the collateral; (6) the plan is financially feasible; (7) the debtor is current on his support obligations; and (8) the debtor has filed any required Federal, State, and local income tax returns.

Section 1325(a)(6) on feasibility requires that "the debtor will be able to make all payments under the plan and to comply with the plan." Thus, it must be feasible for the debtor to perform the plan according to its terms. If the debtor lacks sufficient income to fund the plan and to meet both his or her living expenses and those of his or her dependents, the plan cannot be confirmed. Thus, if the plan does not meet this standard, confirmation may be denied.

Feasibility is a factual determination and the bankruptcy court's decision will not be disturbed absent a firm conviction that clear error has been committed. Fed. R. Bankr.P. 8013; 2 Keith M. Lundin, *Chapter 13 Bankruptcy* § 5.56 (2d ed.1994); *see* 8 Lawrence P. King et al., *Collier on Bankruptcy*, ¶ 1325-07 (15th ed.1997) ("[b]y far the most important criterion for the confirmation of a chapter 13 plan in terms of promoting the success of chapter 13 proceedings is subsection 1325(a)(6)'s requirement that the court determine whether the chapter 13 debtor will be able to make all payments under the plan and comply with all other provisions . . . ").

To satisfy feasibility, a debtor's plan must have a reasonable likelihood of success, i.e., that it is likely that the debtor will have the necessary resources to make all payments as directed by the plan. 11 U.S.C. § 1325(a)(6); *In re Brunson*, 87 **B.R.** 304, 312 (Bankr.D.N.J. 1988). The debtor carries the initial burden of showing that the plan is feasible. *In re Felberman*, 196 **B.R.** 678, 685 (Bankr. S.D.N.Y.1995); *In re Endicott*, 157 B.R. 255, 263 (W.D.Va.1993). Before confirmation, the bankruptcy court should be satisfied that the debtor has the present as well as the future financial capacity to comply with the terms of the plan. *In re Crotty*, 11 B.R. 507, 511 (Bankr.N.D.Tex.1981) (a definite declaration as to the source and amount of funds necessary to enable debtors to make payments under the plan is required). *See, In re Fantasia*, 211 B.R. 411 (BAP 1st Cir. 1997).

Thus, the schedules property and budget figures must show sufficient income or other financial resources to enable the debtor to make the payments proposed. If the debtor does not present such evidence as is necessary to convince the court that payments can be made, the plan may be found not feasible. *In re Nance*, 4 B.R. 50 (Bankr. W.D. Mo. 1980). Similarly, if the plan calls for a very large lump sum payment at the end of

Objection to Confirmation and Request for Dismissal
Case No. 12-08832(BKT)
Page 4 of 6

the plan, with no explanation of how the debtor will fund it, the plan will be found not to

meet the feasibility test. *In re Fantasia,* 211 B.R. 420 (BAP 1st Cir. 1997).

### *(b) REQUEST FOR DISMISSAL UNDER §1307(c)*

In view of the aforesaid, dismissal of the instant case is proper within the frame of

Title 11 USC §1307 (c) of the Bankruptcy Code, which provides:

> (c)     Except as provided in subsection (e) of this section, on request of a
> party in interest or the United States Trustee and after notice and a
> hearing, the court may convert a case under this chapter to a case
> under chapter 7 of this title, or may dismiss a case under this
> chapter, whichever is in the best interests of creditors and the
> estate, for cause, including-
>> **(1)     Unreasonable delay by debtor that is prejudicial
>> to creditors;**
>> (2)     ....
>> (3)     ....
>> **(4)     Failure to commence making timely payments
>> under section 1321 of this title;**
>> (5)     ...
>> **(6)     Material default by the debtor with respect to a
>> term of a confirmed plan;**

"In seeking bankruptcy relief under chapter 13 of the Bankruptcy Code, the

Debtor undertook the obligation to take reasonable, appropriate steps to move the case

along the path toward confirmation of a chapter 13". *See In re Jackson,* 2007 WL

1188202, Bkrtcy.E.D.Pa (2007).

The general principles that guide whether  a case should be dismissed for

'Unreasonable delay" were articulated by the Court in *In re Wile, 310 B.R. 514, as cited*

*in In re Jackson,* 2007 WL 1188202, Bkrtcy.E.D.Pa (2007):

> In enacting the Bankruptcy Code, Congress carefully balanced the
> rights of debtors and creditors. For example, while the automatic
> stay enjoins creditor action against the debtor and her property, it
> provides the creditor with adequate protection of its interest in
> property so that is position does not deteriorate while it is
> statutorily enjoined. **Moreover, it is generally accepted that the
> debtor's burden to demonstrate that a reorganization is in
> process increases with the passage of time. Finally, because
> creditor's rights are constrained during the pendency of
> Chapter 13 proceedings, the Bankruptcy Code contemplates
> that a plan will be promptly confirmed so that payments to
> creditors may commence.**

Objection to Confirmation and Request for Dismissal
Case No. 12-08832(BKT)
Page 5 of 6

On the other hand, and regarding to a Debtor's failure to continue making the direct payments to FirstBank Puerto Rico, courts have held that failure of debtors to make their current monthly payments directly to creditor "outside the plan" required the dismissal of their Chapter 13 case. *See, In re García,* 42 B.R. 33 (Bkrtcy. D. Colo., 1984).

### III. ALLEGATIONS

6.     As stated before, the proposed Chapter 13 Plan dated November 14, 2011, is not feasible inasmuch that debtor remains in post-petition arrears with FirstBank Puerto Rico. Thus, the proposed plan should not be approved.

7.     Since the filing of this case debtor has been enjoying and depreciating movant's collateral without making any payment to this creditor nor providing for any adequate protection to FirstBank. Thus, debtor's conduct constitutes an unreasonable delay prejudicial to this creditor.

8.     Here, there is sufficient cause for the dismissal of the case pursuant Section 1307 of the Bankruptcy Code.

9.     On the basis of the aforesaid, FirstBank opposes the confirmation of the proposed plan dated November 1, 2012, and respectfully requests to the Honorable Court to enter an Order dismissing the case.

10.     According to the enclosed certification, provided by the Department of Defense Manpower Data Center (DMDC), the debtor(s) is (are) not in active duty or under call to active duty as a member(s) of the Army, Navy, Navy or Air Forces of the United States of America; the National Guard; the Public Health Service or the NOAA. *See, Attachment B.*

Objection to Confirmation and Request for Dismissal
Case No. 12-08832(BKT)
Page 6 of 6

**WHEREFORE,** it is respectfully requested from the Honorable Court: (1) not to

confirm the Chapter 13 Plan dated November 1, 2012; and (2) that and Order be entered

dismissing the case for unreasonable delay and failure to make payments provided for in

the plan.

In San Juan, Puerto Rico, this 8 day of January, 2012.

## NOTICE

Within thirty (30) days after service as evidenced by the certification, and an additional
three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party
against whom this motion has been served, or any other party to the action who objects to
the relief sought herein, shall serve and file an objection or other appropriate response to
this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto
Rico. If no objection or other response is filed within the time allowed herein, this motion
will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden
by law; (2) the requested relief is against public policy; or (iii) in the opinion of the
Court, the interest of justice requires otherwise.

Puerto Rico Local Bankruptcy Rule 9013-1(h)

## CERTIFICATE OF SERVICE
I HEREBY CERTIFY, that a copy of this motion is being sent by first class mail
to the Debtor: **SUDGEILY ENID REYES NIEVES,** at the address on record: HC 72
BOX 3665, NARANJITO, PUERTO RICO 00719; and to the authorized addresses
through/by the Bankruptcy CM/ECF System to: Debtor's counsel, **JUAN A.
HERNANDEZ RIVERA;** and to **JOSE RAMON CARRION MORALES,** Chapter 13
Trustee and to the **US TRUSTEE.**

BY:     //s// **MARISTELLA SANCHEZ RODRIGUEZ**
Maristella Sanchez Rodriguez, Esq.
Attorney for Movant- US 224714
MARIA M. BENABE-RIVERA, ESQ.
Attorney for Movant- US 208906
PO Box 9146, Santurce, PR 00908-0146
Tel. (787) 729-8135, Fax (787) 729-8270
Email: maristella.sanchez@firstbankpr.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:  **SUDGEILY E. REYES NIEVES** | Case No.  **12-08832** |
| DEBTOR (S) | Chapter:  **13** |
| FIRSTBANK PUERTO RICO | Index. |
| MOVANT<br>VS. | [ X ]  of acts against property<br>under 11 USC 362 (D) (2) |
| | [  ]  of other acts under<br>II USC (D) (1) 1307 |
| Respondent (S) | [  ]  of co-debtor stay under<br>11 USC 1201 (c) (2) or<br>1301 (c) (2) |

Creditor:  Firstbank

Account Number:  **XXXXX9938**

### STATEMENT OF AMOUNT DUE INCLUIDING A BREAKDOWN

As of Date:                                        Per Diem Interest:

1.  Principal Balance Due:                                        $17,677.61

2.  Interest Due                                        $ 1,420.87

3.  Late Charges Due:                                        $   178.60

4.  Advance for:        Taxes

                Other Charges

5.  Attoneys cost & fees

6.  Any other charge  (Motion)

7.  Total                                        $19,277.08

**I, Rafael Kortright, Assistant Vice President Firstbank, declares under penalty of
perjury of the laws of the United States that the foregoing is true and correct.**

**In San Juan, Puerto Rico this January 3, 2013.**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **SUDGEILY E. REYES NIEVES**<br><br>DEBTOR (S)<br><br>FIRSTBANK PUERTO RICO<br>MOVANT<br><br>VS.<br><br><br>RESPONDENT (S) | Case No.   **12-08832**<br>Chapter:   **13** |

## STATEMENT OF INSTALLMENTS DUE
## COST AND ATTORNEY'S FEES OWED ON PERSONAL LOANS
## CONDITIONAL SALES CONTRACT NUMBER:

**XXXXX9938**

As of          January          3    ,          2013

**A.**    PRE-PETITION

| 8 | Monthly installments of | $ | 359.00 | Due | $2,872.00 |
|---|---|---|---|---|---|
| 8 | Monthly installments of | $ | 17.95 | Due $ | 143.60 |

Total pre-petition installments and                    **$3,015.60**
late charges due


**B.**    POST-PETITION

| 2 | Monthly installments of | $ | 359.00 | Due | $718.00 |
|---|---|---|---|---|---|
| 2 | Monthly installments of | $ | 17.95 | Due $ | 35.90 |

Total post-petition installments and                    **$753.90**
late charges due


**C.**    ATTORNEYS FEES

**TOTAL INSTALLMENTS DUE, COST AND
ATTORNEYS FEES OWED**

```
AMAI            01/02/13          ACCOUNT INQUIRY           15:18:34
CUR
CTL2 001  CTL3 000  CTL4 0000  ACCT xxxxxxxxxx9938   EFF DATE        01/02/13
CTL2 000  CTL3 000  CTL4 0000  CUST 00000001063955   PART NONACCRL
                               ******* RATES ********* SIMPLE INT - FIXED RATE
PAYOFF             19277.08                          AUTO DR               N
ORIG LOAN AMT      19248.00  CURR RATE    10.2500000  PROD TYPE          ALSI
ORIG PROCEEDS      16295.00  ORIG RATE    10.2500000  PRIM OFFICER        696
LT CHG DUE           178.60  PER DIEM      4.9642603  GL KEY 01001A02 0073 86
FEES DUE               0.00  ******** DATES ********  CALL CODE          06B0
CURRENT PRIN       17677.61  CONTRACT DATE   05/07/11 ***** REPAYMENTS *****
CURRENT INT         1420.87  CURR MATURITY   05/07/17 CURR TERM            72
SCH PYMT AMT         359.00  CLOSED DATE              PYMTS MADE            9
CUR PYMT AMT         376.95  SCHED DUE DATE  01/07/13 PYMTS REM            63
PAST DUE AMT        3572.05  OLDEST DUE DATE 03/07/12 MONTHS EXTD   0 REN 000
PARTIAL PAID          17.95  LAST MAINT DT   11/09/12 YTD INT COLL       0.00
*************************    LST BAL CHG DT  03/21/12 INT COL PREV     541.03
SUDGEILY E REYES-NIEVES                               ***** CREDIT HIST *****
HC 72 BOX 3662                                        015 016 030 060 090 000
                                      COLLATERAL      002 004 003 001 007 000
NARANJITO            PR 00719-8735 CODE: AUTO
PH ( 787 ) 372-7779               DESC: S/H.11/2/12
PF3-ADDL INFO  PF6-ESCROW  PF10-REDISP
```

Date: 1/2/2013 Time: 3:17:31 PM

```
AMHS           01/02/13         HISTORY SUMMARY          15:18:39
CUR                               *ACCT MSG*
CTL2 001 CTL3 000 CTL4 0000 ACCT xxxxxxxxxx9938 REYES-NIEVES
START DATE 10/23/12

OPT: A=ACCRUED SINCE LAST TRAN, C=CAPTURE, R=REVERSAL, S=SPECIFIC

OPT  EFF DATE TRAN DESCRIPTION                 TRAN AMOUNT        POST BALANCE
     10/23/12 7011 FEE ASSESSMENT                    17.95          17,677.61
     10/26/12 2273 COLL UPDT        FLD = DESC 1
     10/26/12 2013 ACCT F/M UPDATE  FLD = MESSAGE CODE      NEW =
     10/26/12 2013 ACCT F/M UPDATE  MULTIPLE FIELDS
     10/26/12 2013 ACCT F/M UPDATE  FLD = STOP DELQ NTC     NEW = N
     11/01/12 2273 COLL UPDT        FLD = SHORT DESC
     11/08/12 2013 ACCT F/M UPDATE  FLD = MESSAGE CODE      NEW = BG
     11/09/12 2013 ACCT F/M UPDATE  FLD = MESSAGE CODE      NEW = Q2
     11/09/12 2013 ACCT F/M UPDATE  FLD = STOP ALL CORRESP  NEW = Y
     11/09/12 2013 ACCT F/M UPDATE  FLD = CLASS CODE        NEW =
     11/09/12 2013 ACCT F/M UPDATE  FLD = STOP DELQ NTC     NEW = Y
     11/09/12 2273 COLL UPDT        FLD = DESC 1
     11/23/12 7011 FEE ASSESSMENT                    17.95          17,677.61
     12/24/12 7011 FEE ASSESSMENT                    17.95          17,677.61
PF2-NEXT PAGE  PF3-PREV PAGE  PF6-SELECT
```



Results as of : Jan-03-2013 10:04:33

Department of Defense Manpower Data Center

SCRA 2.3



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

Last Name: <u>REYES NIEVES</u>

First Name: <u>SUDGEILY ENID</u>

Middle Name:

Active Duty Status As Of: <u>Jan-03-2013</u>

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL: http://www.defenselink.mil/faq/pis/PC09SLDR.html. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

## Certificate ID: QHT1P5CNCK